**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Hue H.,[1]

Petitioner,

v.

Todd Blanche, *in his official capacity as Acting Attorney General of the United States*; Markwayne Mullin, *in his official capacity as Secretary of the Department of Homeland Security*; David Venturella*, in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; Ryan Shea*, in his official capacity as Sheriff of Freeborn County*,

Respondents.

Case No. 26-cv-3118-ECT-EMB

**REPORT AND RECOMMENDATION**

---

Hue H. is held in immigration custody and claims that his detention is unlawful. He petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* Pet. (Doc. No. 1).) The petition was referred to me to issue a report and recommendation. *See* 28 U.S.C. § 636; D. Minn. L.R. 72.1. I recommend that this Court grant Hue's petition.

---

[1] This District uses the first name and last initial of nongovernmental parties in immigration cases.

## I. Background

Hue is a forty-year-old Laotian citizen who came to the United States as a refugee in 1995, at age nine. (Pet. ¶ 32.) In addition to his thirty-plus years in this country, his community ties include his sixteen-year-old U.S. citizen daughter and his more recent work providing coaching and ministry to others in need. (*Id.* ¶¶ 32, 35.)

With treatment, Hue has succeeded in overcoming his long struggle with drug addiction. (*Id.* ¶ 33.) But before he became sober, Hue incurred three drug-related convictions.

In 2014, he was convicted of fifth-degree drug possession. (*Id.*) The conviction triggered immigration consequences: he lost his refugee status and, in 2015, an immigration judge ("IJ") ordered him removed to Laos. (*Id.*) The order was never effectuated. Instead, ICE released Hue on an order of supervision ("OSUP"). (*Id.*)

In 2019, Hue was convicted of a drug and firearm offense and was sentenced to seven years of probation. (*Id.* ¶ 34.) He complied with his probationary and immigration OSUP requirements, and ICE did not revoke his OSUP. (*Id.*)

In 2021, Hue was indicted on a federal drug charges. (*Id.* ¶ 35.) He was released to an intensive, long-term inpatient treatment program through Minnesota Adult and Teen Challenge ("Teen Challenge"). (*Id.* ¶ 37.)

Upon graduating from inpatient treatment, Hue enrolled in Teen Challenge's pastoral-care program and began offering recovery and social safety net support to community members. (*Id.*) ICE did not revoke his OSUP during this time. (*Id.* ¶ 37.) Hue's successful treatment and social work led this Court to give him a mitigated two-year sentence in 2024 for his federal offense. (*Id.* ¶ 36.)

Hue was released from federal prison on June 29, 2026, and was immediately arrested by Immigration and Customs Enforcement ("ICE") agents. (Pet. ¶ 39.) The agents purported to have a warrant, which they briefly showed him but did not give to him. (*Id.*) They transported him to an immigration processing center. (*Id.* ¶ 40.) There, Respondents allege, agents informally interviewed him, consistent with regulatory requirements for revoking an OSUP. During the interview, agents informed Hue that they had travel document for his return to Laos. (*Id.* ¶ 40.) According to Hue, this was a lie. (Pet. Reply at 4.) Indeed, Respondents' declaration indicates that agents did not even *request* travel documents until more than a week later, on July 7. (Minner Decl. (Dkt. No. 7) at ¶ 17.) The request is still pending. (*Id.*) From the processing center, agents transported Hue to Freeborn County Jail, where he remains detained. (*Id.* ¶ 41.)

## II. Discussion

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Congress granted federal courts authority to provide this remedy to those whose detention violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The right to habeas relief extends to those challenging immigration detention. *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 700–01 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and *Demore v. Kim*, 538 U.S. 510, 517 (2003)). Thus, under § 2241, courts may order the release of ICE detainees if the petitioner proves by a preponderance of the evidence that their detention is unlawful. *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 779 (D. Minn. 2025); *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Here, Hue petitions this Court for habeas relief on four grounds: his arrest was unlawful (Count I); Respondents unlawfully revoked his OSUP (Count II); Respondents violated his right to procedural due process by unlawfully revoking his OSUP (Count III); and the unlawful revocation of the OSUP violated his substantive due process rights (Count IV). As an alternative to his request for habeas relief on Counts II, III, and IV, Hue asks this Court to hold an evidentiary hearing to determine the circumstances in which ICE revoked his OSUP.

As to Count I, I find that Hue's arrest was unlawful and that the appropriate remedy is release. Alternatively, I find that an evidentiary hearing is needed to resolve Hue's claims regarding revocation of the OSUP.

Hue challenges the lawfulness of his arrest on two grounds. First, he argues that he was not arrested pursuant to a valid warrant. Second, he argues that Respondents did not satisfy the statutory requirements for conducting a warrantless arrest.

**A. Form I-205 warrant**

U.S. immigration law authorizes the government to detain individuals like Hue, who are subject to a final order of removal during a ninety-day "removal period" (that is, the period that ICE is afforded to effectuate the removal order). 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A). Hue and others subject to detention under § 1231(a) may be arrested pursuant to a Form I-205 administrative warrant known as a "Warrant of Removal / Detention." 8 C.F.R. §§ 241.2 & 241.3(a). These warrants must be issued before the noncitizen's arrest. *See Makitio G.A. v. Blanche*, No. 26-cv-2200-ECT-DLM, 2026 WL 1584457, at *4 (D. Minn. May 22, 2026), *report and recommendation adopted*, 2026 WL 1591270 (D. Minn. June 3, 2026).

Here, Hue alleges that agents did not issue a Form I-205 warrant before arresting him June 29, 2026, arrest.

Respondents concede that they did not issue the warrant in the days, weeks, or months preceding his arrest. But they argue that the Form I-205 administrative warrant of removal issued on November 10, 2015, satisfies the pre-arrest issuance requirement. (Resp. Br. (Dkt. No. 8), at 2.)

The 2015 warrant doesn't justify Hue's 2026 arrest. The warrant was executed in November 2015, resulting in Hue's brief detention before being the OSUP issued in January 2016. (Minner Decl., Ex. F (Dkt. No. 7-6), at 1.)

Respondents cite no authority that "suggests that a decade old, previously executed I-205 for [Hue] can be used in perpetuity." *Ahmed S. v. Blanche*, No. 26-cv-2265-KMM-DLM, 2026 WL 1998718, at *5 (D. Minn. July 10, 2026); *see also Ger V. v. Mullin*, No. 26-cv-2543-KMM-DTS, 2026 WL 1847044, at *4 n.5 (D. Minn. June 26, 2026); *Manuel P. v. Blanche*, No. 26-cv-3445-JMB-EMB, 2026 WL 2281048, at *4 (D. Minn. Aug. 7, 2026). I've found no binding authority addressing this question. Thus, Respondents' purported reliance on the old warrant appears to propose a "novel legal rule that lacks legal support." *Manuel P.*, 2026 WL 2281048, at *4.

In fact, the Supreme Court has held that "in a civil proceeding for deportation . . . , we think the better practice is to require . . . a new warrant" before rearrest. *Carlson v. Landon*, 342 U.S. 524, 547 (1952) (noting same rule generally applies in criminal cases, and remanding for further proceedings in case where noncitizen respondent was re-arrested on a

previously-executed, one-year-old administrative deportation warrant). At least one court of appeals has interpreted *Carlson* to suggest that when an immigration warrant was previously executed and the subject was later released, the warrant is "exhausted" and cannot be used to justify a new arrest. *Chung Young Chew v. Boyd*, 309 F.2d 857, 865 (9th Cir. 1962). While both *Carlson* and *Chung Young Chew* are older cases arising in different contexts, they at least suggest that Respondents' view is incorrect—and Respondents cite nothing to counter a prohibition on reuse of exhausted warrants.

Moreover, on the facts of this case, "Respondents also provide nothing by way of establishing that [Hue's 2026] arrest was made 'pursuant to' this [2015] warrant," as 8 C.F.R. § 241.3(a) requires. *Ger V. v. Mullin*, No. 26-cv-2543-KMM-DTS, 2026 WL 1847044, at *4 n.5 (D. Minn. June 26, 2026). Nothing in the record indicates that the 2015 warrant was served on Hue in 2026. *See id.* As in *Ahmed S.* and *Ger V.*, I find that the concerns with relying on an old, already-executed, possibly-never-served I-205 warrant to establish the legality of Hue's 2026 arrest "'are self evident.'" *Ahmed S.*, 2026 WL 1998718, at *5 (quoting *Ger V.*, 2026 WL 1847044, at *4 n.5)).

Because the 2015 warrant of removal did not justify Hue's 2026 arrest and because Respondents implicitly concede that no more recent warrant was issued, Hue's arrest was not lawful pursuant to a warrant.

### B. Warrantless arrest.

ICE may lawfully arrest someone without a warrant if they satisfy certain statutory conditions. Section 1357(a) authorizes immigration agents "to arrest [without a warrant] any alien in the United States" if the agent "[1] has reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation *and* [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis and brackets added); *see Arizona v. United States*, 567 U.S. 387, 408 (2012). "'Reason to believe' . . . means constitutionally required probable cause." *United States v. Diaz Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). Respondents bear the burden of proof. *See Jefferson G.H.L. v. Blanche*, No. CV 26-2344-JRT-ECW, 2026 WL 1229623, at *3 (D. Minn. May 5, 2026).

Here, Hue challenges only the second prong of § 1357: whether ICE agents reasonably believed that he was likely to escape before they could obtain and execute a valid warrant. Hue has strong community ties. He has lived in the United States for over three decades, since he was nine years old. He has a U.S. citizen daughter. He is deeply engaged in his own sobriety and providing social services and ministry to others.. He has a well-established record of complying with supervision.

Respondents point to the fact that Hue had given false information to law enforcement in 2014 and 2019 and that his drug convictions "do[] not reasonably inspire the credibility necessary to trust that [he] would report back to ICE for deportation proceedings." (Resp. Br. at 18.) But I find the necessary inspiration in Hue's pre-trial release during his federal criminal proceedings. Hue reported back to pre-trial services and, indeed, was a model supervisee, graduating from inpatient treatment, continuing in a pastoral training program, and volunteering in the community.

Respondents haven't shown probable cause to believe that Hue was "likely to escape before a [valid] warrant could be obtained for his arrest." 8 U.S.C. § 1357(a)(2). Consequently, Hue's warrantless arrest was not justified under § 1357(a)(2). The arrest was thus unlawful *ab initio*, and release is the proper remedy. *See Espinoza-Avalos v. Blanche,* No. 26-cv-191, 2026 WL 1396593, at *4 (D. Neb. May 19, 2026) (citing *Hector J.A.S. v. Shea*, No. 26-cv-2242-JRT-DLM, 2026 WL 1243500, at *3 (D. Minn. May 6, 2026)).

Because I find Hue's arrest was unlawful, I do not reach his remaining claims, Counts II, III, and IV. Those claims turn on the lawfulness of ICE's actions in revoking Hue's OSUP—actions which the parties factually dispute. (*See* Pet'r Reply, at 6–9.) An evidentiary hearing would be necessary to address Counts II, III, and IV on the merits. But my recommendation on Count I negates the need for that evidentiary hearing at present.

## III. Recommendation

For the foregoing reasons, and upon careful consideration of the entire record, IT IS HEREBY RECOMMENDED that:

1. Hue's Petition (Dkt. No. 1) be GRANTED;

1. Respondents be ORDERED to immediately release Hue in Minnesota, at a time and place communicated in advance to counsel, and with all his possessions;

2. Respondents be ORDERED to promptly to file an update on the docket showing that such release has taken place.

Date: August 26, 2026

*s/ Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." (Emphasis added.) The Court modifies the deadline such that objections are due on or before **September 1, 2026**. Responses to objections are due on or before **September 4, 2026**. All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).